**In re Lamar M. JOLLY, Debtor.**

**Bankruptcy No. 89–00121–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 15, 1989.

Michael S. May, Jacksonville, Fla., for debtor.

Robert E. Meek, Jacksonville, Fla., for movant.

Charles W. Grant, Jacksonville, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon motion of creditor Cardinal Service Corporation of Richmond's ("movant") objecting to venue and requesting transfer of the case. An evidentiary hearing was held on August 9, 1989, and upon the evidence submitted, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Lamar M. Jolly ("debtor") has resided in Florida since July of 1988.

2. The debtor has maintained a checking account in New Smyrna Beach, Florida, since July 1988.

3. The debtor filed his petition for relief under Chapter 7 on January 17, 1989.

4. The debtor became a registered voter in Florida after filing his petition but prior to the motion objecting to venue and requesting transfer of the case.

5. The debtor's principal asset is his home in New Smyrna Beach, Florida.

6. The debtor's occupation requires extensive travel throughout the Southeastern United States.

7. The debtor demonstrated his intent to become a resident of Florida as evidenced by a memorandum sent to his accountant dated August 15, 1989.

8. Of the sixteen creditors listed in the schedules, eight are located in Virginia, six in other states, and two in Florida.

9. Of the fourteen lawsuits involving the debtor, eight are in Virginia, and two are in Florida.

10. The debtor's primary non-exempt asset is a lawsuit filed in the Circuit Court for the City of Williamsburg, Virginia.

11. The discharge in this case was entered on July 12, 1989.

### CONCLUSIONS OF LAW

1. This motion is brought pursuant to Bankruptcy Rule 1014(a)(1) which provides in relevant part:

> If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

Statutory authority is set forth in 28 U.S.C. § 1412.

2. This Court must begin its analysis from the premise that a court should exercise its power to transfer cautiously and that the party moving for the transfer has the burden of proving that the transfer would be in the interest of justice and for the convenience of the parties. *In re One-Eighty Investments, Ltd.*, 18 B.R. 725, 728 (Bankr.E.D.Ill.1981) citing *In re Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir.1979) *cert denied*, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980).

3. The principal criteria identified by bankruptcy courts in the relatively few published cases dealing with similar motions are: (i) proximity of creditors and the debtor to the court; (ii) proximity of witnesses necessary to the administration of the estate; (iii) location of the assets; (iv)

the economic and efficient administration of the estate. *In re Walter*, 47 B.R. 240, 241 (Bankr.M.D.Fla.1985); *In re Almeida*, 37 B.R. 186 (Bankr.E.D.Pa.1984); *In re Pubco Corp.*, 27 B.R. 139 (Bankr.E.D.Pa. 1983).

4. Clearly, the proximity of the debtor to this Court is beyond question as is the lack of proximity of the majority of the creditors.

5. As to the proximity of witnesses necessary to the administration of the estate, it is undisputed that the debtor's wife and accountant live in Virginia. However, venue for an adversary proceeding may be transferred without transfer of the related bankruptcy case.

6. The debtor's only non-exempt asset is a lawsuit filed in the Circuit Court for the City of Williamsburg, Virginia.

7. As to the efficient and economic administration of the estate, it is difficult to see how a Virginia trustee would be in a better position to administer this estate. The Court notes the discharge has already been entered.

## CONCLUSION

It is the practice of this Court to give great weight to the presumption that the debtor is entitled to file and retain the case in the venue in which he has resided for the greater part of the required time.

Although the movant has made a plausible case for transfer, it has not overcome the presumption that the debtor is entitled to file and maintain his case in the venue in which he lawfully filed it.

Based on the foregoing, a separate order will be entered denying Cardinal Service Corporation of Richmond's motion objecting to venue and requesting transfer of the case.