**In re APACHE TRANSPORTATION, INC.**

**Bankruptcy No. 89–50368 S.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

Feb. 25, 1991.

establish entitlement may be found *In re Pate,* 95 B.R. 102 (Bkrtcy.W.D.Ark.1988).

Walter Dickinson, Little Rock, Ark., trustee.

Frederick Wetzel, Little Rock, Ark., for trustee.

Lee Newlan, Dallas, Tex., for debtor.

Judy Henry, Little Rock, Ark., for Nat. Bank of Commerce.

Bob Brooks, No. Little Rock, Ark., for Lend–Lease Trucks, Inc.

James Smith, Little Rock, Ark., for Rollins Leasing Corp.

Richard McKinney, Dallas, Tex., for Plano Bank.

ORDER DENYING MOTION TO TRANS-
FER CHAPTER 11 BANKRUPTCY
CASE OF STRATEGIC INDUSTRIES,
INC. FROM TEXAS TO ARKANSAS

MARY D. SCOTT, Bankruptcy Judge.

A Motion filed by National Bank of Commerce (Bank) to transfer the Chapter 11 bankruptcy case of Strategic Industries, Inc., a Texas Corporation (Strategic), from Texas to Arkansas pursuant to Rule 1014(b) of the Rules of Bankruptcy Procedure is before the Court. A countermotion to transfer the two Arkansas cases to Texas was filed by Strategic, but withdrawn during the hearing held January 15, 1991.

The Bank is a creditor in two Arkansas bankruptcy cases, Apache Van Lines, Inc. (Van Lines), Case No. 89–50366S and Apache Transportation, Inc. (Transportation), Case No. 89–50368S. These cases were originally filed as Chapter 11 cases on October 17, 1989, but they were converted to Chapter 7 cases and a Trustee, Walter Dickinson, appointed on January 25, 1990. Both of these corporations are either a wholly owned subsidiary or a "subsidiary of a subsidiary" of Strategic. After a lengthy hearing the Court orally recited its finding and conclusions into the record noting that its final ruling would be reduced to writing, and no decision would be final until the decision was entered.

The Court did find at the conclusion of the hearing that sufficient evidence was presented that the interests of justice would be served by the transfer of the Strategic case to Arkansas. The Court, before reducing its findings to writing, however, again reviewed the Bankruptcy Rules and Code provisions including legislative history as well as multiple relevant decisions by other courts. After this review, the Court scheduled another hearing to take additional evidence because it was concerned about the very limited evidence presented that yet another subsidiary or affiliate of Strategic had a pending bankruptcy case in Texas. The purpose for this hearing, scheduled for February 19, 1991, was to permit the Court to receive additional evidence regarding the affiliate bankruptcy. This was done specifically because of the Court's concern and desire not to further complicate the tangled affairs of Strategic and its Arkansas subsidiaries.

The multiple cases reviewed by this Court with regard to the issue of whether to transfer a related bankruptcy case all set out various non-exclusive lists of factors a court may consider before granting such a Motion. Many indicated that the court should only exercise this power with great discretion and caution. *Matter of Windtech, Inc.*, 73 B.R. 448 (Bkrtcy.D.

Conn.1987). Most found that the overriding factor the court should consider before ordering a transfer, in addition to the fact that it be in the interests of justice, was the economic and efficient administration of the estates. *In re Jolly*, 106 B.R. 299 (Bkrtcy.M.D.Fla.1989); *In re Willows Ltd. Partnership*, 87 B.R. 684 (Bkrtcy.S.D. Ala.1988); *In re A & D Care, Inc.*, 86 B.R. 43 (Bkrtcy.M.D.Pa.1988); *Matter of GEX Kentucky, Inc.*, 85 B.R. 431 (Bkrtcy.N.D. Ohio 1987); *In re Baltimore Food Systems, Inc.*, 71 B.R. 795 (Bkrtcy.D.S.C.1986); *In re Ginco, Inc.*, 70 B.R. 2 (Bkrtcy.D.N.M. 1986); *In re HME Records, Inc.*, 62 B.R. 611 (Bkrtcy.M.D.Tenn.1986); *In re Legend Industries, Inc.*, 49 B.R. 935 (Bkrtcy.E.D. N.Y.1985); *In re Ryan*, 38 B.R. 917 (Bkrtcy.N.D.Ill.1984). See, also *In re Retirement Inn at Forest Lane, Ltd.*, 83 B.R. 795 (D.Utah 1988); *In re Jenkins Clinic Hosp. Foundation, Inc.*, 22 B.R. 990 (D.C. Tenn.1982).

▇ Limited testimony was presented at the February 19, 1991 hearing regarding Taurus Van, Inc. (Taurus), an affiliate of Strategic which originally filed a Chapter 11 case in Texas April 30, 1990. It was ultimately converted to a Chapter 7 case November 5, 1990. No other significant information about this case or its current administration by a Chapter 7 Trustee was presented. A certified copy of the docket sheet from the Texas bankruptcy court was admitted and revealed that the administration of the Chapter 7 case had advanced to the point of liquidation by an auctioneer. The only testimony presented was that there would be no benefit to the two Arkansas Chapter 7 cases to have the Taurus bankruptcy transferred to Arkansas. The Trustee from the Taurus case was not called to testify regarding what effect, if any, the transfer of Strategic would have on the administration of that case. It was clear, however, that Strategic is the largest unsecured creditor of Taurus. The limited evidence was not particularly helpful to the Court in reaching a final decision with regard to the Motion to transfer the Strategic case to Arkansas. The Court still has no idea what effect transfer of Strategic to Arkansas will have on Taurus, and is not convinced that transfer will not add more confusion and cost with regard to the efficient administration of all these cases.

Under the circumstances, the Court finds that the Motion to transfer Strategic to Arkansas should be denied. Although it initially found that the interests of justice would be served by transfer, because of Strategic's history of thwarting the attempts by the Chapter 7 Trustee to administer and liquidate the assets of the two Arkansas affiliates of Strategic, that conclusion has been rethought. The Court should be "in the business of deciding cases, not playing procedural hockey among available districts." *In re Nine Mile Ltd.*, 692 F.2d 56 (8th Cir.1982). Nothing in this decision prevents the Arkansas Trustee and/or creditors in the two Arkansas cases from diligently pursuing all available options in Texas.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Motion to Transfer Strategic Industries, Inc. Bankruptcy Case to Arkansas is denied.

IT IS SO ORDERED.