**In re Betty Jean GURLEY, Debtor.**

**Bankruptcy No. 97–35255–L.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

Dec. 10, 1997.

John R. Dunlap, Memphis, TN, for Debtor.

James E. Foster, for Trustee, George E. Mills, Jr.

Sean M. Haynes, Memphis, TN, for United States Trustee.

E. Franklin Childress, Orlando, FL, for Union Planters Bank.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO TRANSFER VENUE

JENNIE D. LATTA, Bankruptcy Judge.

Before the court is the motion of George E. Mills, Jr. (the "Trustee"), Chapter 7 trustee for the estate of W.M. Gurley, husband of the debtor, to transfer venue of this Chapter 11 bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida, Orlando Division. The court conducted an evidentiary hearing on the motion December 1–2, 1997. Appearing before the court were John R. Dunlap, attorney for the debtor, Betty Jean Gurley; James E. Foster, attorney for George E. Mills, Jr., Chapter 7 trustee; and Sean M. Haynes, attorney for Ellen B. Vergos, United States Trustee for Region 8. The court received live testimony from Betty Jean Gurley; Wayne Vandersteeg; Claude Bell; Ed Tillman; George McCrary; and William M. Walsh. Based upon the pleadings, exhibits, testimony of the witnesses, and arguments of counsel, for the reasons set forth below, the court is of the opinion that the motion should be denied. The following shall constitute findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A); *see In re Texaco, Inc.*, 89 B.R. 382, 387 (Bankr.S.D.N.Y.1988)

(A motion for a change of venue is a core matter under 28 U.S.C. § 157(b)(2)(A) which may be heard by the bankruptcy court pursuant to the district court's order of reference under 28 U.S.C. § 157(a)).

## I. FINDINGS OF FACT

The debtor commenced this case on October 20, 1997, with the filing of a voluntary chapter 11 petition in the United States Bankruptcy Court for the Western District of Tennessee, Western Division. The debtor lists her "primary residence" as 9211 Silver Lake Drive, Leesburg, Florida, and her "Memphis residence" as 9142 Forest Bend Court, Memphis, Tennessee. The debtor lists the location of the principal assets of a business debtor as "Moltan Company, 3555 Moltan Drive, Memphis, Tennessee" and "Cordova Club Golf Course, 7263 Crystal Lake Drive, Memphis, Tennessee." The debtor's petition asserts that she "has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District." At Schedule C—Property Claimed as Exempt, the debtor claims Tennessee exemptions, including the Tennessee homestead exemption.

The debtor and her husband have been married to each other for fifty-four years. The debtor and her husband moved to Shelby County, Tennessee forty-nine years ago. The debtor lived at 4045 Germantown Road in Shelby County, Tennessee for some forty years. The debtor's property on Germantown Road has been vacant some two to three years. The debtor now maintains a residence at 9141 Forest Bend Court, Memphis, Shelby County, Tennessee. The debtor's two daughters and son, seven grandchildren and two great-grandchildren, all live in Memphis.

The debtor maintains substantially all her bank accounts in Shelby County, Tennessee. Her accountant, Mr. Jim Dorris, is located in Memphis, Tennessee. The court is aware of three lawyers retained by Mrs. Gurley, Mr. John R. Dunlap, Mr. George McCrary, and Mr. William M. Walsh, all of whom are located in Memphis, Tennessee.

In the 1970's, the debtor and her husband acquired a second residence in Florida. The debtor and her husband initially spent two to three weeks each year in Florida while maintaining their home in Shelby County, Tennessee. Over the years, the debtor and her husband began spending progressively more time each year in Florida. The debtor testified that in 1995 she spent approximately six months in Florida and in 1996 she spent more than six months in Florida. In 1997, the debtor spent an unspecified amount of time in Florida.

Upon the advice of Mr. Dorris, their accountant, the debtor and her husband have attempted to establish their "legal residence" in Florida. The debtor and her husband use the Florida address in filing their income tax returns. The debtor is registered to vote in Florida and maintains a Florida driver's license. The debtor is a member and substantial contributor to a Florida church. The debtor recently completed construction of a residence located at 9211 Silver Lake Drive, Leesburg, Florida. Significantly, however, during the debtor's testimony, she referred to returning "home" to Memphis in May of 1997 following the trial in the adversary proceedings described below.

The debtor's husband, William M. Gurley, filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, on July 26, 1995, Case No. 95–03833–6B7. Within Mr. Gurley's Chapter 7 case, the United States of America ("USA") and the Trustee filed adversary proceedings. The USA filed a thirteen-count complaint against Mr. Gurley seeking a denial or revocation of his discharge. Underlying the USA's complaint was a civil action filed November 18, 1987, by the Environmental Protection Agency against W.M. Gurley, Mrs. Gurley, their son Larry Gurley, and others arising out of violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* The EPA dismissed Mrs. Gurley as a defendant in June 1990. Following trial, the United States District Court, Eastern District of

Arkansas, entered judgment in favor of the USA on March 26, 1992, holding W.M. Gurley and the other remaining defendants jointly and severally liable for cleanup costs in the amount of $1,786,502.95. *United States v. Gurley Refining Co.*, 788 F.Supp. 1473 (E.D.Ark.1992). *See* Trial Exhibit 19, pp. 3, 7 (hereinafter references to trial exhibits will be abbreviated "Tr. Ex." followed by the exhibit number).

The Trustee filed an adversary complaint against Mrs. Gurley, the debtor here, seeking recovery of certain assets allegedly fraudulently transferred by Mr. Gurley to his wife between 1989 and 1992. The two complaints were consolidated for trial.

Bankruptcy Judge Arthur B. Briskman conducted an eight-day trial on the consolidated proceedings between May 7 and June 12, 1997, resulting in the issuance of a Memorandum Opinion dated August 15, 1997, followed by an Amended Judgment dated September 16, 1997. Judge Briskman entered judgment in favor of the USA and denied the discharge of Mr. Gurley. With respect to the Trustee's complaint, Judge Briskman entered judgment in part in favor of the Trustee and in part in favor of Mrs. Gurley. Judge Briskman ordered as follows:

> [T]he plaintiff, George E. Mills, Jr., Chapter 7 Trustee, **may recover any and all property** transferred by the Defendant/Debtor, William M. Gurley, to his wife, Betty Jean Gurley, pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 541(a)(1), including [certain specified] property and its proceeds.

Tr. Ex. 2, 4, 6, 8. Among the assets specified was "The Moltan Company." The debtor timely filed a notice of appeal from the Amended Judgment. Tr. Ex. 25.

The Moltan Company, referred to in the Amended Judgment, is a business organized in the 1970s by Mr. Gurley for the purpose of mining and distributing clay used in the production of cat litter and other products. The Moltan Company has offices located at 3555 Moltan Drive in Memphis, Shelby County, Tennessee. There are Moltan plants in Middleton, Hardeman County, Tennessee; and Churchill County, Nevada. In 1989, Mr. Gurley attempted to convey the Moltan Company to the debtor by a deed of gift. As described in Judge Briskman's Memorandum Opinion:

> [Mr. Gurley] drew up and signed a deed of gift on February 2, 1989. It was given to Mr. Heath [a long-time employee of Mr. Gurley], and at the direction of [Mr. Gurley] was placed in a filing cabinet located at Moltan. [Mr. Gurley] did not tell Mrs. Gurley about the deed of gift. No other documents were ever executed to reflect Mrs. Gurley as new owner. The Nevada and Tennessee employment agencies were not notified of Mrs. Gurley's status as "owner" of Moltan until April 1990. The Internal Revenue Service ("IRS") was initially notified in March 1991.

Tr. Ex. 19, p. 4.

Judge Briskman ruled that the attempted transfer to Mrs. Gurley was ineffective or, in the alternative, that Mrs. Gurley holds all of the assets transferred to her as nominee for her husband. In his Memorandum Opinion, Judge Briskman stated among other things:

> The debtor's purported deed of gift of Moltan to his wife was ineffective. There was no actual or constructive delivery nor did [Mr. Gurley] have donative intent to divest himself of all the dominion and control of Moltan. Moltan is property of [Mr. Gurley's] estate pursuant to 11 U.S.C. § 541(a)(1). . . .
>
> Even if [Mr. Gurley's] transfer of Moltan was effected by a valid deed of gift and even if the [Florida Uniform Fraudulent Transfers Act] and [Federal Debt Collection Procedures Act] do not apply to the trustee's claim, all property transferred by [Mr. Gurley] to Mrs. Gurley is property of [Mr. Gurley's] estate. [Mr. Gurley] maintains an equitable interest in all property transferred to Mrs. Gurley, including Moltan, cash and real property, pursuant to 11 U.S.C. § 541(a)(1).

Tr. Ex. 19, p. 25.

According to Mrs. Gurley, from at least 1994 until the present time, the results of the operations of the Moltan Company have been reported in the Gurley's joint federal income tax return as a sole proprietorship owned by Mrs. Gurley. Motor vehicles used by the

Moltan Company are registered in the name of B.J. Gurley. *See* Tr. Ex. 38. Real property used by the Moltan Company is held in the name of B.J. Gurley. *See* Tr. Ex. 34, 35, 36.

Mrs. Gurley has other business interests in addition to the Moltan Company. She is the sole proprietor of the Cordova Club Golf Course, consisting of approximately 100 acres of developed real property located in Shelby County, Tennessee. Prior to October 17, 1997, title to the real property used by Cordova Club Golf Course was held by Forrest Heath, Trustee, under a revocable living trust for the benefit of the debtor. The trust was revoked by the debtor on October 17, 1997, three days prior to the filing of her bankruptcy petition. The books and records concerning the golf club are maintained in Shelby County, Tennessee. The golf club is the subject of substantial litigation pending in the Chancery Court of Shelby County, Tennessee. Mr. George McCrary represented the interests of the debtor in that litigation prior to the filing of the debtor's bankruptcy case. Mr. McCrary testified that there are seven local attorneys involved in the pending litigation concerning the environmental degradation of the property by surrounding developers. Mr. McCrary testified that a counter-claim has been filed against Mrs. Gurley seeking damages in the amount of $2,000,000. It is contemplated that additional defendants may be added in the lawsuit. Mr. McCrary opposes transfer of this bankruptcy case to the bankruptcy court for the Middle District of Florida.

Mrs. Gurley is also involved in other litigation in Shelby County, Tennessee, concerning the condemnation of certain parcels of real property owned by her in Shelby County, Tennessee. Mr. William M. Walsh represented the interests of the debtor in those matters prior to the filing of her petition and testified at the hearing. Mr. Walsh opposes transfer of this case to the Middle District of Florida.

In addition to the real property used as the Cordova Club Golf Course and the real property subject to the condemnation litigation described above, the debtor is the record title-holder to numerous other parcels of real property located in Shelby and Hardeman Counties, Tennessee. The Trustee asserts that several of these parcels are subject to Judge Briskman's order, and thus that the debtor has no interest in these properties.

Mrs. Gurley is the 100% shareholder of Trinity Transportation, Inc. and Trinity Brokerage, Inc. (collectively "Trinity"). Trinity arranges for and performs ground transport of Moltan products as well as freight carrier services for independent third parties. Mr. Ed Tillman, credit manager and twelve-year employee of Trinity, testified that the percentage of Trinity's business devoted to non-Moltan customers ranged between 50 and 55%. The books, records, accounts, employees and principal offices of Trinity are located in Tennessee.

The debtor is a 50% shareholder in Foxcraft Trailer, Inc., a Tennessee corporation, with its principal offices located in West Memphis, Arkansas. The debtor holds an interest in three limited liability companies which are in essence subsidiaries of Foxcraft. These limited liability companies operate in Nashville, Tennessee; Atlanta, Georgia; and Tampa, Florida. There are substantial accounts receivable owed to the debtor from the Foxcraft entities.

## II. CONCLUSIONS OF LAW

### A. Venue of this Bankruptcy Case is Proper in the Western District of Tennessee

Pursuant to 28 U.S.C. § 1408(1), a debtor's case may be commenced in the district court for the district:

in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for such longer period than the domicile, residence, or principal place of business in the United States, or principal assets in the United States, of such person were located in any other district . . .

28 U.S.C. § 1408(1).

The four tests for venue, domicile, residence, principal place of business in the

United States, and principal assets in the United States, are given in the alternative. Any of the four is jurisdictionally sufficient. 1 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 19:7 n.60 (Clark Boardman Callaghan 1994). For any debtor, venue may be proper in several different districts. 3 EPSTEIN, NICKLES AND WHITE, BANKRUPTCY § 12–6, p. 212 (West 1992). The terms "residence" and "domicile" are not defined for purposes of the Bankruptcy Code. Questions of domicile or residency are to be determined according to the law of the forum. *See Smith v. Wellberg (In re Wellberg),* 12 B.R. 48, 50 (Bankr. E.D.Va.1981).

In Tennessee, "domicile" is defined as the place "where a person has his principal home and enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel." *Snodgrass v. Snodgrass,* 49 Tenn.App. 607, 611, 357 S.W.2d 829, 831 (Tenn.Ct.App.1961) quoting *White v. White,* 3 Head 404, 40 Tenn. 404; *Tyborowski v. Tyborowski,* 28 Tenn.App. 583, 192 S.W.2d 231. A person may have two or more residences but only one domicile. *Snodgrass,* 357 S.W.2d at 831; *see also Farm Credit Bank of Wichita v. Hodgson (In re Hodgson),* 167 B.R. 945, 950 (D.Kan.1994). For bankruptcy purposes, "the term 'residence' has been construed to include places where the debtor has a semi-permanent residence, even if that place is not the debtor's domicile." 1 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 19:9, pp. 19–20, and see cases cited at note 71.

In this case, the court need not determine the domicile of the debtor, although it would be a close question. The debtor clearly maintains a residence in Memphis, Shelby County, Tennessee. The debtor testified that she returned "home" to Memphis in May of 1997 following the trial in the consolidated adversary proceedings in Orlando, Florida. The Trustee provided no proof that the debtor has not continuously resided in Memphis since May 1997. Mrs. Gurley's bankruptcy petition was filed October 20, 1997. It appears that the debtor has resided in Shelby County, Tennessee for the greater part of the 180-day period preceding the filing of her petition. That alone is sufficient to make the Western District of Tennessee a proper venue for the debtor's bankruptcy case.

Further, the court concludes that the debtor's principal place of business is in Shelby County, Tennessee. Setting aside consideration of the Moltan Company, the debtor is the sole proprietor of the Cordova Club Golf Course. A sole proprietor does business where that business is located. *See* 1 NORTON BANKRUPTCY LAW AND PRACTICE 2D § 19:8, p. 19–19. The court rejects the Trustee's argument that Mrs. Gurley maintains no place of business because she is not actively involved in the day to day management of the golf club.

For these reasons, the court concludes that venue of this Chapter 11 case is proper in the Western District of Tennessee.

### B. Should Venue of this Bankruptcy Case be Transferred to the Middle District of Florida?

Pursuant to 28 U.S.C. § 1412 concerning change of venue:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.

Bankruptcy Rule 1014(a)(1) implements section 1412 with respect to bankruptcy cases filed in a proper district. It provides:

> If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

FED. R. BANKR. P. 1014(a)(1).

When venue is proper, the burden is on the moving party to demonstrate by a preponderance of the evidence that a transfer of venue is required "in the interest of justice or for the convenience of the parties."

*In re Jolly,* 106 B.R. 299 (Bankr.M.D.Fla. 1989); *In re Windtech, Inc.,* 73 B.R. 448 (Bankr.D.Conn.1987); *In re HME Records, Inc.,* 62 B.R. 611 (Bankr.M.D.Tenn.1986); *see* 3 EPSTEIN, NICKLES AND WHITE, BANKRUPTCY § 12–10, p. 218 (West 1992). The court should exercise its power to transfer with caution. *In re Apache Transportation, Inc.,* 127 B.R. 25, 26 (Bankr.E.D.Ark.1991); *Matter of Windtech, Inc.,* 73 B.R. 448 (Bankr. D.Conn.1987). A debtor is presumptively entitled to file and retain his bankruptcy case in the district in which he has resided for the greater part of the required time. *In re Jolly,* 106 B.R. 299, 301 (Bankr.M.D.Fla. 1989).

Factors which a bankruptcy court should consider in determining whether to order a discretionary transfer of a bankruptcy case under section 1412 are the following:

(1) The proximity to the court of:

    (a) creditors

    (b) debtors

    (c) assets

    (d) witnesses.

(2) The relative economic harm to debtors and creditors caused by a transfer.

(3) The economics of administering the estate.

(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.

(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

*In re Texaco, Inc.,* 89 B.R. 382, 389 (Bankr. S.D.N.Y.1988); *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239, 1247 (5th Cir. 1979), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980). The most important factor is said to be the "economic and efficient administration of the estate." *HME Records,* 62 B.R. at 613; *In re Landmark Capital Co.,* 20 B.R. 220, 224 (S.D.N.Y.1982).

It is a close question, but the court concludes that the Trustee has not carried his burden. While the Trustee demonstrated that a transfer of this case to the Middle District of Florida would perhaps aid him in the efficient administration of *Mr. Gurley's* estate, he has not demonstrated that transfer would promote the efficient administration of *Mrs. Gurley's* estate. The debtor's primary assets, books, records, employees, and professional agents are located in Tennessee. Substantially all the persons who will be involved in the administration of Mrs. Gurley's estate, with the exception of the Trustee (who is the largest, but not the only, creditor of this estate), are located in the Western District of Tennessee. In order to administer Mr. Gurley's estate, which Judge Briskman has found includes the assets of the Moltan Company, the Trustee will have to make frequent contact with the employees of Moltan, none of whom is located in Florida, but many of whom are located in Tennessee. The Trustee has already made at least one trip to Tennessee with respect to the Moltan assets. It is to be expected that he will make others. Thus, the inconvenience to the Trustee of having Mrs. Gurley's estate administered in the Western District of Tennessee is lessened. The estate can be most efficiently administered in the Western District of Tennessee.

The Trustee would have the court ignore the debtor's choice of forum and counsel to have the case transferred to the Middle District of Florida. This the court will not lightly do absent a showing of bad faith on the part of the debtor. *See Plough, Inc. v. Allergan, Inc.,* 741 F.Supp. 144, 147 (W.D.Tenn.1990) ("There is a strong presumption in favor of a plaintiff's choice of forum and the plaintiff's choice should not be upset unless the defendant carries his burden of demonstrating that the balance of convenience strongly favors transfer."); *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir.1951) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should not be disturbed.").

The Trustee accuses the debtor of forum shopping because the debtor's husband decided to file his bankruptcy case in the Middle District of Florida. Mrs. Gurley denied any attempts at forum shopping, stating that the Western District of Tennessee seemed the most logical place of filing based upon the location of her assets. She explained that her husband's case was filed in the

Middle District of Florida because he was advised that that was the only district in which he could file. Mrs. Gurley acknowledged that she disagreed with Judge Briskman's decision, but the court does not find that avoidance of further appearances before Judge Briskman was the primary motivation in the debtor's choice of forum. This court agrees that the Western District of Tennessee is the most logical forum for the debtor's bankruptcy case if the pendency of Mr. Gurley's bankruptcy case is not considered.

The Trustee asserts that the affairs of Mrs. Gurley are so intertwined with those of her husband that the interests of justice require transfer of this case to the Middle District of Florida where the case would likely be assigned to Judge Briskman. This court is not convinced. It appears that the Trustee seeks to implicate the debtor by association in the bad actions of her husband. It is significant to this court, however, that Mrs. Gurley was dismissed as a defendant in the United States' original CERCLA action. It is further significant that Judge Briskman made no finding of complicity on the part of Mrs. Gurley in the attempted transfer of assets, but rather based his decision in part on his finding that Mrs. Gurley was unaware of Mr. Gurley's attempt to transfer his assets to her.

Absent a convincing showing of bad action on the part of Mrs. Gurley, the court concludes that she is entitled to have her bankruptcy case proceed independently from that of her husband. This does not mean that this court will permit the parties to relitigate questions decided by Judge Briskman, however.

### III. CONCLUSION AND ORDER

The court concludes that venue of this bankruptcy case is proper in the Western District of Tennessee and that the Trustee has failed to carry his burden of proving that transfer of this case to the Middle District of Florida is in the interest of justice or the convenience of the parties. Accordingly, it is ORDERED that the motion of George E. Mills, Jr., Chapter 7 Trustee for W.M. Gurley, is DENIED.