**In re Hope P. BLUMEYER, Debtor.**

**Bankruptcy No. 98–9823–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

July 29, 1998.

Hope P. Blumeyer, Chesterfield, MO, Pro Se.

E. Rebecca Case, St. Louis, MO, Diane L. Jensen, Ft. Myers, FL, for Frederick C. Dubinsky.

## ORDER ON FREDERICK C. DUBINSKY'S MOTION TO CHANGE OR TRANSFER VENUE

ALEXANDER L. PASKAY, Chief Judge.

This cause came on for hearing upon the Motion to Change or Transfer Venue filed by Creditor, Frederick C. Dubinsky ("Mr. Dubinsky"). The Court reviewed the Motion, the record and heard argument of counsel and now finds and concludes as follows:

Hope P. Blumeyer ("Debtor") filed her voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on June 8, 1998. A review of the Schedules reveals that the Debtor and her spouse, as tenants by the entireties, own a vacant lot in Mohave County, Arizona valued at $50,000.00, and a condominium in Naples, Florida valued at $350,-000.00. The Debtor's Statement of Financial Affairs discloses that the Debtor received rental income from the condominium for both 1996 and 1997 in the amounts of $18,000 and $24,000, respectively.

The Debtor also owns personal property with an aggregate scheduled value of $1,727,-500.00, consisting of a 50% ownership interest with a scheduled value of $1,500,000.00 in the entities, A.B. Carter, Inc., Risk Retention Service Corporation, Association Groups of America, and BIC Premium Finance Corporation (the "Companies"), and household goods, furnishings, furs, jewelry, clothing, security deposits and cash.

It is without dispute that the Debtor lives and works in Missouri. The Debtor lives in a rented apartment in Missouri and owns no real property there. For the last two years, the Debtor has been employed part-time as a secretary by General Paging, Inc., located in Columbia, Missouri.

Dubinsky requests that this Court transfer the Debtor's Chapter 11 case from this District to the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1410, 1412 and 157(a), and Federal Rule of Bankruptcy Procedure 1014. Dubinsky contends that this Chapter 11 case was filed in an improper venue because the Debtor's domicile and only residence is in Missouri. The Debtor, on the other hand, contends that venue is proper in the Middle District of Florida and that the case should not be transferred to Missouri because the Debtor's principal asset, that being the condominium, is located within this district.

The propriety of a selected venue is determined by the requirements of Section 1408 of Title 28, United States Code which provides,

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person ... have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than ... were located in any other district; or ...

28 U.S.C. § 1408.

Under this Section, the court determines the proper venue by reference to facts existing

during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets. *See In re Micci,* 188 B.R. 697, 699 (S.D.Fla.1995). The four tests of venue, domicile, residence, principal place of business in the United States, and principal assets in the United States, are given in the alternative and any of the four is jurisdictionally sufficient. *In re Gurley,* 215 B.R. 703, 707–08 (Bankr.W.D.Tenn.1997). Thus, even if Dubinsky is correct and the Debtor's domicile or residence is not in Naples, Florida, venue may still be proper if the Debtor's principal asset has been located here for the preceding 180 days. *See e.g. In re J & L Plumbing & Heating, Inc.,* 186 B.R. 388 (Bankr.E.D.Pa.1995) (Section 1408 was satisfied where principal asset was an account receivable being litigated in the jurisdiction.); *In re Pavilion Place Associates,* 88 B.R. 32 (Bankr.S.D.N.Y.1988).

■ It is without question that the Debtor owned and still owns the condominium in Naples, Florida since at least 1996. Furthermore, although the scheduled value of the Debtor's Companies indicate that the Companies are the Debtor's principal assets, it appears that that is not the case. Although the Debtor may have had a cognizable interest in the Companies on the date of the filing of the Petition, the Companies are no longer under her dominion and control. In addition, no evidence has been presented regarding the location of the Debtor's Companies and, therefore, Dubinsky failed to meet his burden of proving that venue is improper under the location of the principal assets provision.

■ Even if venue is proper, however, the issue remains whether the case should be transferred to the Bankruptcy Court for the Eastern District of Missouri ("Missouri Bankruptcy Court") in the interest of justice or the convenience of the parties. The factors to be considered by the Court regarding whether to transfer a case pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a)(1) are as follows:

(1) The proximity of creditors of every kind to the Court;

(2) The proximity of the debtors to the Court;

(3) The proximity of the witnesses necessary to the administration of the case;

(4) The location of the assets;

(5) The economic administration of the estate;

(6) The necessity for ancillary administration if bankruptcy should result.

*See In re Commonwealth Oil Refining Co., Inc.,* 596 F.2d 1239 (5th Cir.1979), cert. denied, 444 U.S. 1045, 100 S.Ct. 732, 62 L.Ed.2d 731 (1980); *See also In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 149 B.R. 365 (Bankr.S.D.N.Y. 1993)("The 'interest of justice' is a broad and flexible standard which contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness.").

■ Clearly, the Debtor and many of her assets are located in Missouri. The fact that the Debtor lives and works part-time in Missouri weighs in favor of transferring the case to Missouri. since little, if any, economic harm would befall the Debtor by the transfer.

The Debtor scheduled eleven unsecured creditors, six of which are credit card companies located outside of Florida. Of the two creditors that are located in Florida, one is owed a debt for repairs and the other is the home owners association for the Naples condominium for association dues which, under Florida law constitute a lien on the Debtor's property. Six scheduled claims are joint obligations of the Debtor and her spouse whose Chapter 7 case is pending in Missouri. In addition, Dubinsky is scheduled as holding a mortgage on the Debtor's residence and some personal property. Also scheduled are some property tax claims, one related to the condominium, the other related to the real property in Arizona. The largest priority claim is owed to the Internal Revenue Service. It appears from the foregoing that the creditors located in Florida hold claims that are likely related to the condominium and likely to be resolved in the foreclosure action. The remaining creditors have no nexus to the State of Florida.

Allowing this case to remain here would result in the fragmentation and duplication of the administration of the Debtor's case and her husband's case. The Debtor's spouse, Arthur A. Blumeyer, III, presently has a Chapter 7 case, which was converted from Chapter 11, pending in the Missouri Bankruptcy Court. Dubinsky sought and obtained relief from the automatic stay from the Missouri Bankruptcy Court in order to proceed with the foreclosure sale of the condominium in Naples. Then, one day prior to the foreclosure sale, the Debtor filed her Chapter 11 case in this Court.

The Missouri Bankruptcy Court is familiar with the Debtor and her spouse's assets and liabilities. Most of the Debtor's property is owned with her spouse as tenants by the entireties and the Debtor and her spouse are jointly liable for the Debtor's scheduled liabilities. Clearly, the economics of administering the estate would be best served by transferring the case to Missouri. Dubinsky has met his burden of proving by a preponderance of the evidence that the transfer is in the interest of justice and the convenience of the parties. *See In re Manville Forest Products Corp.*, 896 F.2d 1384, 1390–91 (2d Cir.1990); *In re Jolly*, 106 B.R. 299 (Bankr. M.D.Fla.1989). Upon reviewing the Schedules and Statement of Financial Affairs, the Motion, the record and hearing argument of counsel, this Court concludes that the venue of the Debtor's Chapter 11 case should be transferred to the Missouri Bankruptcy Court. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Change or Transfer Venue filed by Creditor, Frederick c. Dubinsky be, and the same is hereby granted. The Clerk of the United States Bankruptcy Court for the Middle District of Florida is hereby. directed to transfer the above-captioned Chapter 11 case to the United States Bankruptcy Court for the Eastern District of Missouri.