# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 99-6081

_____

| | | |
|---|---|---|
| In re: Jefferson Glenn Broady, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Jefferson Glenn Broady, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | Western District of Missouri |
| | * | |
| v. | * | |
| | * | |
| Harold Harvey, | * | |
| | * | |
| Creditor-Appellee. | * | |

_____

Submitted: February 23, 2000
Filed: April 28, 2000

_____

Before WILLIAM A. HILL, SCHERMER, and DREHER, Bankruptcy Judges.

_____

DREHER, Bankruptcy Judge

This is an appeal by the Debtor Jefferson Glenn Broady ("Debtor") from the order of the bankruptcy court dismissing his case for improper venue. For the reasons set forth below, we reverse and remand.

## I.      Factual and Procedural Background

Debtor filed his bankruptcy petition on June 28, 1999 in the Western District of Missouri. In his petition, Debtor listed his residence as Florissant, Colorado. However, he also noted that his business, a law office, was located in Rock Port, Missouri. In the schedules attached to the petition, Debtor listed several pieces of property that were located at the Rock Port address. These included computer equipment, an Apple printer, and two suits. Further, the Debtor listed a desk, books, two file cabinets, a table, a stove, and miscellaneous office supplies, but he did not specify the location of this property. According to the schedules, all other property was located at the Colorado address.

Soon after the filing, Appellee Harold Harvey ("Appellee") filed a motion to dismiss for improper venue. Appellee and Debtor had been involved in a law suit in 1996, in which Appellee alleged that the Debtor had committed legal malpractice. Appellee filed a complaint in federal court in the Western District of Missouri on the basis of diversity jurisdiction, asserting that the Debtor was domiciled in Missouri and the Appellee in Colorado. Debtor moved to dismiss the case for lack of subject matter jurisdiction. He contended that had become a citizen of Colorado, which destroyed diversity. The court granted the Debtor's motion. Appellee now contends that the Debtor is collaterally estopped from claiming the Western District of Missouri as the proper venue for his bankruptcy case.

Following a hearing on November 1, 1999, the bankruptcy court granted Appellee's motion to dismiss. The court found that the Debtor was a resident of the state of Colorado and that the majority of assets were located in Colorado. Moreover, the court concluded that because the Debtor successfully contested jurisdiction in the 1996 case based on his Colorado domicile, he could not now claim proper venue in Missouri.

The Debtor filed a timely appeal of the bankruptcy court's decision. Debtor's brief to this court appended four exhibits. Because neither Exhibit C or D were presented to the court below, Appellee moved to strike them from the record. Appellee also moved to dismiss the appeal because Debtor had failed to submit an appendix to this court.

## II.    Discussion

### A.    Motion to Dismiss and Motion to Strike Exhibits

Appellee moved to dismiss the appeal due to the Debtor's failure to file an appendix. However, the briefing schedule issued by this court provides that the court will consider this appeal based on the file of the U.S. Bankruptcy Court in lieu of the appendix required by Fed. R. Bankr. P. 8009(b).  Accordingly, Appellee's motion must be denied.

Appellee also moved to strike Exhibits C and D to Debtor's brief because such exhibits were not presented to the court below.  An appellate court cannot generally consider evidence not contained in the record below unless the interest of justice demand it.  Dakota Industries, Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993).  This is not the type of circumstance where the interests of justice require us to consider evidence beyond that presented to the court below.  Accordingly, Exhibits C and D will be stricken from the record.  Similarly, Appellee's brief contains numerous factual allegations that are not supported by the record before this court.  We must also disregard such allegations.

### B.    Venue

The venue provision for bankruptcy cases is found at 28 U.S.C. § 1408 (1994).  It provides in relevant part:

> [A] case under title 11 may be commenced in the district court for the district --
>
> > (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . .

28 U.S.C. § 1408. Therefore, proper venue is determined by review of the facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of principal assets. In re Campbell, 242 B.R. 740, 745 (Bankr. M.D. Fla. 1999). The four tests for venue are given in the alternative and, thus, any of the four is jurisdictionally sufficient. In re Gurley, 215 B.R. 703, 707-08 (Bankr. W.D. Tenn. 1997). By providing four alternative bases for proper venue, the statute allows many possible locations where an entity or individual may file for bankruptcy protection. Campbell, 242 B.R. at 745. Venue in the district in which the debtor files its bankruptcy petition is presumed to be proper, and the party challenging venue bears the burden of establishing by a preponderance of the evidence that case was incorrectly venued. In re Peachtree Lane Assocs., 150 F.3d 788, 792 (7th Cir. 1998); In re Pettit, 183 B.R. 6 (Bankr. D. Mass. 1995).

The first issue before this court is the effect of the 1996 case in which the District Court for the Western District of Missouri found that the Debtor's domicile was located in Colorado. Because the Appellee (plaintiff in that case) was also domiciled in Colorado, the court dismissed the complaint for lack of jurisdiction under the diversity of citizenship statute, 28 U.S.C. § 1332. This decision, however, does not preclude the Debtor from claiming proper venue in the Western District of Missouri for his bankruptcy case. The statute at issue in the 1996 case required the parties to be citizens of different states. 28 U.S.C. § 1332(a)(1). Citizenship in this context is synonymous with domicile. Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990). Therefore, while the Debtor may be precluded from claiming that his *domicile* is not in Colorado, the remaining bases for venue in a bankruptcy case are still available to him.

The next issue, therefore, is whether the Debtor meets any of the other tests for venue in the Western District of Missouri. The Debtor does not claim either residency or principal location of assets as a basis for venue, and the court so found in its order dismissing the case.

The Debtor does argue, however, that his principal place of business is in the Western District of Missouri. A sole proprietor does business where that business is located. Gurley,

4

215 B.R. at 708. The location of the debtor's principal place of business presents question of fact to be resolved after considering all of the relevant facts and circumstances. In re Peachtree Lane Assocs., 150 F.3d 788, 793 (7th Cir. 1998). The bankruptcy court's finding as to the location of a debtor's principal place of business will not be disturbed unless it is found to be clearly erroneous. Id.

The bankruptcy court's order did not make a specific finding regarding the location of the Debtor's principal place of business. It appears from the transcript of the hearing, however, that the court concluded that the Debtor's principal place of business necessarily had to be the same as his domicile or residence. Thus, the court assumed that a finding regarding domicile or residence was sufficient for determining the principal place of business.

The statute lists each of the possibilities for venue in the alternative, so any one is sufficient to establish venue. See Gurley, 215 B.R. at 707-08. Therefore, the court erred in concluding that a sole proprietor's residence and principal place of business must necessarily be the same. Indeed, it is quite possible for a person to do business in one district while residing in another. Thus, because the bankruptcy court only made findings with respect to the Debtor's domicile, residence, and principal location of assets, we must reverse the dismissal and remand for further findings regarding the Debtor's principal place of business.

CONCLUSION

We deny Appellee's motion to dismiss and grant Appellee's motion to strike Exhibits C and D. Because the bankruptcy court failed to make a clear finding regarding the Debtor's principal place of business, we reverse and remand for further findings on that issue.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL