**In re David Lynn ACOR and Marcie Crutchfield Acor, Debtors.**

### No. 13–13067.

United States Bankruptcy Court, W.D. Tennessee.

Signed April 9, 2014.

Filed April 10, 2014.

Michael E. Collins, Robert Miller, attorney for Debtors.

Charles Exum, Jackson, TN, for Tennessee State Bank.

Robert Campbell Hillyer, Memphis, TN, Gregory C. Logue, Knoxville, TN, for Appalachian Realty Investments, LLC.

**MEMORANDUM OPINION RE: MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, TO DISMISS CASE FILED BY APPALACHIAN REALTY INVESTMENTS, LLC, AND TENNESSEE STATE BANK and the DEBTORS' OBJECTION THERETO**

JIMMY L. CROOM, Bankruptcy Judge.

This matter is before the Court on the Motion to Transfer Venue or, in the Alter-

native, to Dismiss Case filed by Appalachian Realty Investments, LLC, and Tennessee State Bank (collectively "Movants") and the Debtors' objection thereto. The Movants assert that the proper venue for this Chapter 11 proceeding is the Eastern District of Tennessee. As such, they seek to have the Court transfer the proceeding to that district. The Court conducted a hearing in this matter on April 3, 2014. Fed. R. Bankr.P. 9014.

This proceeding arises in a case referred to this Court by the Standing Order of Reference, Misc. Order No. 84–30 in the United States District Court for the Western District of Tennessee, Western and Eastern Divisions, and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(b)(1) and 1334 and, thus, may enter a final order in this matter. This memorandum opinion shall serve as the Court's findings of facts and conclusions of law. Fed. R. Bankr.P. 7052.

## I. FACTS

The debtors in this case, David and Marcie Acor ("Acors"), filed a Chapter 11 petition for bankruptcy relief on November 13, 2013. They listed their address on page one of their petition as 42 Larkwood Drive, Jackson, Tennessee ("Jackson Property"). On Schedule C, however, they claimed a homestead exemption of $50,000 in real property at 409 Patterson, Gatlinburg, TN ("Gatlinburg Property"). At their § 341 meeting of creditors, Marcie Acor testified that her principal residence and domicile is the Gatlinburg Property. David Acor testified that his primary residence and domicile is the Jackson Property and that he only spends 2 or 3 days a week at the Gatlinburg Property. David Acor spends the majority of his time at the Jackson Property because he operates one of the Acors' companies, United Inventory Service, Inc. ("UIS"), out of Bells, Tennessee. David Acor earns the majority of his income from UIS.

On August 30, 2013, David Acor filed an involuntary Chapter 11 petition against Smokey Mountain Developers, LLC ("Smokey Mountain"), in the United States Bankruptcy Court for the Eastern District of Tennessee (Case Number 13–51532). Smokey Mountain owns several condominiums in the Gatlinburg area. Mountain Vista Luxury Rentals, LLC ("Mountain Vista"), manages the rentals of the condominium units owned by Smokey Mountain and cottages owned by Smoky Pines, LLC. David Acor and Marcie Acor each own a 50% interest in Mountain Vista and Marcie Acor manages the company. Marcie Acor earns the majority of her income from Mountain Vista.

According to Smokey Mountain's Statement of Financial Affairs, David Acor owns a 2/3 interest in Smokey Mountain and is the managing member. Bobby Dickerson owns the remaining 1/3 interest in the company. Smokey Mountain's Chapter 11 case is a Single Asset Real Estate case. See 11 U.S.C. § 101(51)(B). David Acor listed his address on Smokey Mountain's involuntary petition as the Jackson Property. The Eastern District issued an order for relief in that case on September 30, 2013. The case is still pending before the Eastern District of Tennessee. According to David Acor's testimony at the venue hearing, a sale of the equity interests in Smokey Mountain is scheduled for the end of April. Because Mr. Acor's equity interest has no value, the sale will not net any proceeds to the Acors' estate.

Prior to David Acor's filing of the involuntary Chapter 11 case, a declaratory judgment action was brought against Smokey Mountain and Mountain Vista in the

Chancery Court for Sevier County, Tennessee. According to the parties' statements at the venue hearing, the Chancery Court judgment is currently on appeal to the Tennessee Court of Appeals and resolution of the appeal could result in dissolution of Marcie Acor's ownership interest in Mountain Vista.

In their response to the motion to transfer, the Acors stated that "[b]ased on Mr. Acor's calendar and receipts, Mr. Acor resided at the Jackson [Property] for 113 days out of the 180 days prior to the petition date." (Obj. to Mot. At 2, ECF No. 121.) According to the Acors' schedules, their secured creditors are located in Phoenix, Arizona, Germantown, Tennessee, St. Louis, Missouri, Pigeon Forge, Tennessee and Jackson, Tennessee. Five of the Acors' fifteen unsecured creditors are located in Sevierville or Gatlinburg, Tennessee. One is located in Alamo, Tennessee. One is located in Jackson, Tennessee. The remaining creditors are located outside of Tennessee. The Acors' CPA is based in west Tennessee.

## II.  ANALYSIS

■ The venue statute for bankruptcy cases is 28 U.S.C. § 1408. This statute provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of busi-

ness, in the United States, or principal assets in the United States, of such person were located in any other district; *or*

> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

28 U.S.C. § 1408 (emphasis added). Pursuant to § 1408(1),

> the debtor has four venue options: (1) domicile; (2) residence; (3) principal place of business in the United States; (4) principal assets in the United States, and "the court determines proper venue by reference to facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets."

*In re Handel,* 253 B.R. 308, 310 (1st Cir. BAP 2000) (citing *Micci v. Bank of New Haven (In re Micci),* 188 B.R. 697, 699 (S.D.Fla.1995)). Section 1408(2) provides a fifth alternative basis for venue: "the pendency of a bankruptcy case concerning the debtor's affiliate, general partner or partnership." *In re FRG, Inc.,* 107 B.R. 461, 468 (Bankr.S.D.N.Y.1989). Because § 1408 "lists each of the possibilities for venue in the alternative, ... any one is sufficient to establish venue." *Broady v. Harvey (In re Broady),* 247 B.R. 470, 473 (8th Cir. BAP 2000); *see also In re Gurley,* 215 B.R. 703, 708 (Bankr.W.D.Tenn. 1997) ("Any of the ... [tests] for venue is jurisdictionally sufficient.") (citation omitted); *Bavelis v. Doukas (In re Bavelis),* 453 B.R. 832, 868 (Bankr.S.D.Ohio 2011). As a result, a debtor may select from any one of the five options in selecting a venue for his bankruptcy filing. "If a joint petition is filed by the debtor and the debtor's spouse, venue is proper if either satisfies the requirements of code § 1408." 7 Nor-

ton Bankruptcy Law and Practice 3d § 140:1 (rev. 2014).

▪▪▪ As recognized by the court in *Gurley,*

> [i]n Tennessee, "domicile" is defined as the place "where a person has his principal home and enjoyment of his fortunes; which he does not expect to leave, except for a purpose; from which when absent, he seems to himself a wayfarer; to which when he returns, he ceases to travel." A person may have two or more residences but only one domicile. For bankruptcy purposes, the term "residence" has been construed to include places where the debtor has a semi-permanent residence, even if that place is not the debtor's domicile.

*Gurley,* 215 B.R. at 708 (citations omitted). Clearly under these guidelines, venue of the Acors' case is appropriate in the Western District of Tennessee. David Acor testified that he not only resides at the Jackson Property, but also treats it as his domicile, and has done so for the majority of the 180–day period preceding the filing of the petition. The fact that the Gatlinburg Property also serves as his residence from time to time does not alter this conclusion. *Id.* Because David Acor has satisfied the test for venue in the Western District of Tennessee, venue for Marcie Acor in this district is also proper.

▪▪▪ Although venue may be appropriate in a given district, a court *"may* transfer a case or proceeding under title 11 to . . . another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; Fed. R. Bankr.P. 1014(a)(1). "Venue is presumed to be proper in the district where a bankruptcy case is filed, and the burden of proving otherwise is on the party who has moved to transfer or dismiss the case." *In re Peachtree Lane Assocs., Ltd.,* 206 B.R. 913, 917–18 (N.D.Ill.1997) (citing *In re*

*Holiday Towers, Inc.,* 18 B.R. 183, 186 (Bankr.S.D.Ohio 1982)). The movant must carry this burden by a preponderance of the evidence. *Handel,* 253 B.R. at 310. "[T]he decision to transfer is subject to the broad discretion of the court." *Koken v. Reliance Grp. Holdings, Inc. (In re Reliance Grp. Holdings, Inc.),* 273 B.R. 374, 406 (Bankr.E.D.Pa.2002) (citations omitted). "The court should exercise its power to transfer with caution. A debtor is presumptively entitled to file and retain his bankruptcy case in the district in which he has resided for the greater part of the required time." *Gurley,* 215 B.R. at 709 (citations omitted). Accordingly, a party seeking to have a case transferred pursuant to § 1412 must "overcome the presumption that the debtor is entitled to file and maintain his case in the venue in which he filed it." *In re Ginco, Inc.,* 70 B.R. 2 (Bankr.D.N.M.1986) (citing *In re Walter,* 47 B.R. 240 (Bankr.M.D.Fla.1985)).

▪▪▪ In determining whether a discretionary transfer of a case is warranted under 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014, a court should consider the following factors:

(1) The proximity to the court of:

(a) creditors

(b) debtors

(c) assets

(d) witnesses.

(2) The relative economic harm to debtors and creditors caused by a transfer.

(3) The economics of administering the estate.

(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.

(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

*Gurley,* 215 B.R. at 709 (citations omitted). "The most important [of these] factors is said to be the 'economic and efficient administration of the estate.'" *Id.* (citations omitted). Use of these factors helps a court determine whether or not a transfer of the case would be "in the interest of justice" or "for the convenience of the parties...." *Ginco,* 70 B.R. at 2 (citing *In re Commonwealth Oil Refining Co.,* 596 F.2d 1239 (5th Cir.1979)).

■ After analyzing the factors in the case at bar, the Court concludes that transfer of this case to the Eastern District of Tennessee is not warranted. Although some of the Acors' assets are located in Gatlinburg, Tennessee, David Acor's main source of income is generated by USI which is located and operated in the Western District of Tennessee. Additionally, the Jackson Property constitutes one of the Acors' main assets and is squarely located within the Western District.

Turning to the proximity of the Acors' creditors, debtors, and witnesses, the Court concludes that the Movants did not meet their burden of proof on these factors. Although several of the Acors credishow are located in the Eastern District of Tennessee, they do not constitute a majority of the creditors in this case. The Acors have creditors in West Tennessee as well as in Arizona and Missouri. The majority of witnesses who may be needed for court hearings are located in the Western District of Tennessee, including the Acors' CPA and David Acor himself.

While it is true that David Acor filed the involuntary petition against Smokey Mountain in the Eastern District of Tennessee, that debtor is a single asset real estate debtor whose only asset is scheduled to be sold at auction sometime this spring. Because David Acor's uncontroverted testimony established that his interest in Smokey Mountain had no value, such a sale will have no impact on the Acors' individual Chapter 11 case.

Finally, the Court concludes that the Movants did not establish that the economic administration of the estate would be better served in the Eastern District of Tennessee. David Acor testified that his main source of income is generated by UIS in the Western District. Although the auction in Smokey Mountain's case will terminate one of David Acor's property interests, as stated *supra,* that interest has no value and will not impact the administration in the Western District. In addition, although the Tennessee Court of Appeals' ruling could drastically impact Marcie Acor's interest in and income from Mountain Vista, the Court concludes that this issue does not hold much weight insofar as transfer of the case is concerned. In fact, if Marcie Acor's ownership interest in Mountain View is terminated, the Acors will have one less tie to the Eastern District of Tennessee. The issue of her income, or the lack thereof, is more appropriately considered during the confirmation process in this case.

Although venue in the Eastern District of Tennessee may have been proper, the fact that venue in the Western District is also appropriate gives the Court broad discretion in deciding whether transfer of this case would serve either the interest of justice or the convenience of the parties. In addition, because venue in the Western District of Tennessee is appropriate, the Movants had a heavy burden of proof in overcoming the presumption that venue of the Acors' case is proper in the Western District. The Court concludes that the Movants did not meet this burden and that the factors a court must consider in ruling on a motion to transfer venue pursuant to 28 U.S.C. § 1412 do not weigh in favor of transfer. The Western District of Tennessee will retain venue of the case at bar.

Because the Court has concluded that venue of this case is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1408, it is unnecessary for the Court to address the Movants' alternative motion to dismiss the case. Federal Rule of Bankruptcy Procedure 1014(a)(2) only allows for dismissal of a case "[i]f a petition is filed in an *improper* district...." Fed. R. Bankr.P. 1014(a)(2) (emphasis added); *In re Campbell,* 242 B.R. 740, 748 (Bankr.M.D.Fla.1999) (Determining that because the "Court finds venue in this district is proper ... the issue becomes whether to retain or transfer because venue is proper, rather than whether to dismiss or to transfer because venue is improper....").

The Court will enter an order in accordance herewith.