**In re Dominick A. DECECCO, Debtor.**

**Bankruptcy No. 95–6533–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 1, 1998.

Bernard J. Morse, Tampa, FL, for Debtor.

Stephany Carr, Naples, FL, trustee.

Dennis J. LeVine, Tampa, FL, for Trustee.

Sara Kistler, Tampa, FL, Assistant U.S. Trustee.

Buddy D. Ford, Tampa, FL, Jane W. Arnone, Benanti & Associates, Stamford, CT, for ICC Performance.

Stephen P. Wright, Harlow, Adams & Friedman, P.C., Milford, CT, for Dececco.

Patti W. Woodruff, Gibbons, Smith, Cohen & Arnett, P.A., Tampa, FL, for Southtrust Bank.

## ORDER ON EMERGENCY MOTION TO TRANSFER VENUE OF RELATED DEBTOR AND TO STAY PROCEEDINGS IN SECOND FILED CASE (DOC. NO. 249)

ALEXANDER L. PASKAY, Chief Judge.

This cause came on for hearing upon the Emergency Motion to Transfer Venue of Related Debtor and To Stay Proceedings in Second Filed Case filed by Movant, ICC Performance 3 Limited Partnership (ICC or Movant). The Court reviewed the Motion, the record and heard argument of counsel and finds as follows:

The Debtor, Dominick A. Dececco, filed his voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on July 3, 1995. The Debtor's Schedules, filed on July 13, 1995, reflect that the Debtor and his non-debtor spouse, Heidi Wiehs DeCecco (Mrs. DeCecco), own the following parcels of real property:

(a) 248 Bayshore Drive, Cape Coral, Florida;

(b) 1803–1807 Post Rd. East, Westport, Conn.; and

(c) Airport Road Commercial Property, Fort Myers, Florida.

(Doc. Nos. 7, 37).

It appears that shortly prior to the commencement of this Chapter 11 case, on April 24, 1995, ICC filed a foreclosure action to foreclose a mortgage on the Debtor and Mrs. DeCecco's commercial property located in Westport, Connecticut. The Connecticut Superior Court granted ICC's request to appoint a receiver. Prior to the receiver taking possession of the Connecticut Property, on July 3, 1995, Mr. DeCecco filed his Chapter 11 case.

After the Debtor's several failed attempts to confirm a plan of reorganization, on August 15, 1997, this Court entered an Order converting the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code. On September 24, 1997, this court entered an Order granting relief from the automatic stay, authorizing ICC to proceed with its foreclosure action with respect to the Westport, Connecticut property. (Doc. No. 209).

On September 17, 1997, Stephany S. Carr, the Chapter 7 Trustee of the bankruptcy estate of Mr. DeCecco, filed a Complaint for Declaratory Relief seeking, among other things, a declaration by this Court as to the nature, extent and validity of Mrs. Dececco's interests in certain real and personal property.

In September 1997, Mrs. DeCecco filed her voluntary Petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division, Case No. 97–51846. ICC requests that this Court transfer Mrs. DeCecco's Chapter 11 case from the District of Connecticut to the Middle District of Florida, Fort Myers Division.

 The threshold issue for this Court's consideration is whether this Court has the authority to decide whether a case pending in another bankruptcy court may be transferred to this Court. Section 1412 of Title 28, United States Code provides,

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. § 1412.

Although Section 1412, in and of itself, may not provide the authority for a district court to transfer to itself a case pending in another court, Federal Rule of Bankruptcy Procedure 1014(b) provides the authority. *See In re Emerson Radio Corp.*, 52 F.3d 50, 55 (3rd Cir.1995). Rule 1014(b) provides,

(b) Procedure when petitions involving the same debtor or related debtors are filed in different courts

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a part-

nership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending and after hearing ... the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

Fed.R.Bankr.Proc. 1014(b).

Although the language of Rule 1014(b) admittedly does not expressly extend to spouses, this Court finds that the intent of the Rule is to cover those situations where the joint administration of related entities is appropriate and just. As that is the situation at hand, this Court finds that Rule 1014(b) applies and this Court has the authority to transfer a case pending before another bankruptcy court.

█ The next issue is whether transferring the case is appropriate. When venue is proper, as in Mrs. DeCecco's case, the party seeking to transfer venue of a bankruptcy case bears the burden of proving by a preponderance of the evidence that a transfer is warranted. See In re Manville Forest Products Corp., 896 F.2d 1384, 1390–91 (2d Cir. 1990); In re Jolly, 106 B.R. 299 (Bankr. M.D.Fla.1989). A debtor is presumptively entitled to file and retain her bankruptcy case in the district in which she has resided for the greater part of the required time. See Jolly, 106 B.R. at 301. The Court, therefore, should exercise its power to transfer with caution. See In re Gurley, 215 B.R. 703, 709 (Bankr.W.D.Tenn.1997).

█ Factors which a bankruptcy court should consider in determining whether to order a discretionary transfer of a bankruptcy case under Section 1412 are the following:

(1) the proximity to the court of:
(a) creditors
(b) debtors
(c) assets
(d) witnesses

(2) The relative economic harm to debtors and creditors caused by a transfer.

(3) The economics of administering the estate.

(4) The effect on the parties and their willingness or ability to participate in the case or in adversary proceedings.

(5) The availability of compulsory process and the cost associated with the attendance of unwilling witnesses.

See Gurley, supra at 709.

█ A review of the Schedules filed in the Connecticut case reveals that Mrs. DeCecco owns three parcels of real property that she owns jointly with the Debtor. Two out of the three parcels are located in Florida. Although only two out of the six secured creditors are located in Florida, only one of the six is located in Connecticut. The only priority claimant is the Lee County, Florida Taxing Authority. Six out of the twelve unsecured creditors are located in Florida and only two are located in Connecticut. It also appears that Mrs. DeCecco lives and works in Fort Myers, Florida. Thus, Mrs. DeCecco, her assets, and her creditors are in close proximity to the Fort Myers Division.

With respect to the other factors, this Court notes that the Debtor's case has been pending here since 1995 and this Court and the Chapter 7 Trustee are thoroughly familiar with Mrs. DeCecco and the Debtor's estates and it would be more economical to administer Mrs. DeCecco's bankruptcy estate in Florida than in Connecticut.

Upon reviewing the Schedules and Statement of Financial Affairs filed by Ms. Weihs in the Connecticut Bankruptcy Case, the Motion, the record of the Debtor's bankruptcy case pending before this Court and upon hearing argument of counsel, this Court concludes that the venue of Mrs. DeCecco's Chapter 11 case should be transferred to this Court both in the interest of justice and the convenience of the parties.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that ICC's Emergency Motion to Transfer Venue of Related Debtor and to

Stay Proceedings in Second Filed Case be, and the same is hereby granted. The Clerk of the United States Bankruptcy Court for the District of Connecticut, Bridgeport Division is hereby directed to transfer the Chapter 11 bankruptcy case styled, *In re Heidi W. DeCecco*, Case No. 97–51846 (AHWS) to the United States Bankruptcy Court for the Middle District of Florida, Fort Myers Division.