**In re Ralph Lee FELTMAN, Jr., Debtor.**

**No. 99–02582.**

United States Bankruptcy Court, District of Columbia.

Nov. 12, 2002.

Jeffrey M. Sherman, Esq., O'Rourke & Cundra, Washington, D.C., for Bryan Ross, trustee of the Chapter 7 estate in the case of Ralph Lee Feltman, Jr.

Richard Rosenblatt, Rockville, MD, for Peggy Chichester Feltman.

Thomas R. Folk, Reed Smith LLP, Falls Church, VA, for Duchene Burch, successor trustee of the Ruth S. Feltman Trust.

### DECISION RE MOTION TO TRANSFER UNDER F.R. BANKR. P. 1014(b)

S. MARTIN TEEL, Jr., Bankruptcy Judge.

F.R. Bankr.P. 1014(b)[1] cannot be invoked on the basis that two cases pending

---

1. Rule 1014(b) provides in pertinent part:

   **(b) PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS.** If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending ... the court may determine, in the interest of justice or for the convenience of the parties,

in different districts are the case of a husband and the case of his wife. The court must thus deny the trustee's pending motion to transfer pursuant to Rule 1014(b).

Specifically, Bryan S. Ross, the trustee of the estate of the debtor Ralph Lee Feltman, Jr., under chapter 7 of the Bankruptcy Code (11 U.S.C.), invokes Rule 1014(b) in seeking a transfer to this district, from the District of Maryland, the bankruptcy case of the debtor's wife, Peggy Chichester Feltman.[2] Because he invokes Rule 1014(b) solely on the basis of Mr. and Mrs. Feltman's spousal relationship, the motion must be denied.[3]

The trustee places reliance on the following passage from *In re Dececco*, 224 B.R. 202, 204 (Bankr.M.D.Fla.1998):

> Although the language of Rule 1014(b) admittedly does not expressly extend to spouses, this Court finds that the intent of the Rule is to cover those situations where the joint administration of related entities is appropriate and just. As that is the situation at hand, this Court finds that Rule 1014(b) applies ....

This court must respectfully disagree with that interpretation of Rule 1014(b).

## I

When the rule makers intend that a rule apply on the basis that two debtors are husband and wife, they refer to "a husband and wife," as occurs in F.R. Bankr.P. 1015(b).[4] While it is theoretically possible that some broader category might include all instances of cases of a husband and wife pending in different districts, Rule 1014(b) includes no such broad category. Other than cases by or against the same debtor, the types of related cases covered by Rule 1014(b) are cases by or against (1) a partnership and one or more of its general partners, (2) two or more general partners, and (3) a debtor and an affiliate. These same three categories are found in Rule 1015(b) which, by including as a fourth category the cases of "a husband and wife," implicitly recognizes that the other three categories do not include every instance of pending cases of a husband and wife: the rule makers presumably did not add the category of "a husband and wife" as surplusage. As discussed below, even disregarding Rule 1015(b), it is readily evident that the other three categories were not intended to include every case of a husband and wife.

## A.

Plainly the first category which applies only when a partnership's case is pending cannot apply when the only cases pending are the case of a husband and the case of his wife. As to the second category, a husband and wife are not, solely by reason of being husband and wife, general partners.

the district or districts in which the case or cases should proceed....

2. Mrs. Feltman's petition commencing that case was filed this year in the District of Maryland, years after the debtor, Ralph Lee Feltman, Jr., had filed his petition commencing this case.

3. A creditor, Duchene Burch, successor trustee of the Ruth S. Feltman Trust, supports the trustee's motion, but has not presented any argument on the applicability of Rule 1014(b).

4. Rule 1015(b) provides in relevant part:

> **(b) CASES INVOLVING TWO OR MORE RELATED DEBTORS**. If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates....

### B.

That leaves only the category of cases in which the debtor in the second case is an affiliate of the other debtor. A husband and a wife obviously have an affiliation in a loose sense of that word, but the term "affiliate" in Rule 1014(b), being used in the context of bankruptcy cases, must mean an affiliate as defined by Bankruptcy Code (11 U.S.C.) § 101(2).[5] For the reasons developed below, (1) this is made obvious by an examination of the history of F.R. Bankr.P. 1014(b), and (2) being husband and wife does not alone qualify two debtors as affiliates under § 101(2).

### 1. The History of F.R. Bankr.P. 1014(b) *as Bearing on Its Use of "Affiliate"*

As noted by the 1983 Advisory Committee Note to F.R. Bankr.P. 1014, "[s]ubdivision (b) is derived from former Bankruptcy Rule 116(c)...." The Advisory Committee Note to Bankruptcy Rule 116(c) observed that it extended "to petitions involving affiliates as defined in Rule 901(3)." In turn, Rule 901(3) defined "affiliate" in precise terms that roughly correspond to § 101(2) and that, the point of significance here, barred use of the term "affiliate" in a loose fashion.[6] In other words, this demonstrates that the use of "affiliate" in Rule 1014(b) was intended in a restrictive fashion.

Moreover, as noted by the 1983 Advisory Committee Note to F.R. Bankr.P. 1014, "[s]ubdivision (b) is correlated with 28 U.S.C. § 1472 which authorizes petitioners to file cases involving a partnership and partners or affiliated debtors." Former 28 U.S.C. § 1472, in relevant part, is identical to the current bankruptcy case venue provision, 28 U.S.C. § 1408, which authorizes commencement of a case under the Bankruptcy Code in the district "(2) in which there is pending a case under title 11 concerning such person's **affiliate**, general partner, or partnership." [Emphasis added.] Former 28 U.S.C. § 1472 was enacted as part of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, 92 Stat. 2549, the same statute that enacted the definition of affiliate in 11 U.S.C. § 101(2). Accordingly, when 28 U.S.C. § 1472 used the term "affiliate," the term was intended to correspond to the definition of "affiliate" in 11 U.S.C. § 101(2). In turn, the rule makers intended "affiliate" in Rule 1014(b) to correspond to the same term in 28 U.S.C. § 1472, and thus intended that term to have the same meaning as set forth in 11 U.S.C. § 101(2).

With Rule 1014(b)'s use of "affiliate" having the same meaning as in 11 U.S.C. § 101(2), the court next examines whether the term "affiliate" as defined in § 101(2) can embrace a debtor's wife based solely on that spousal relationship.

---

**5.** The relevant part of 11 U.S.C. § 101(2) is set forth in n. 6, *infra.*

**6.** Bankruptcy Rule 901(3) provided:

(3) "Affiliate" of a bankrupt means (A) a corporation 25 per cent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by bankrupt, or (B) a person who directly or indirectly owns, controls, or holds with power to vote, 25 per cent or more of the outstanding voting securities of

the bankrupt, or (C) a corporation 25 per cent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by a person who directly or indirectly owns, controls, or holds with power to vote, 25 per cent or more of the outstanding voting securities of the bankrupt, or (D) a person substantially all of whose property is operated under lease or operating agreement by the bankrupt, or (E) a person who operates under lease or operating agreement sub-

2. Whether Spouses, Solely by Reason of Their Spousal *Relationship. Are "Affiliates" Under 11 U.S.C. § 101(2)*

Section 101(2) states that " 'affiliate' " means five categories of entities.[7] By its use of the word "means," instead of "includes," § 101(2) defines the term "affiliate" restrictively. *See* 11 U.S.C. § 102(3) (" 'includes' and 'including' are not limiting"); *Wilson v. Huffman (In re Missionary Baptist Found'n of America, Inc.)*, 712 F.2d 206, 210 (5th Cir.1983).

To qualify as an "affiliate" of a debtor, it is not enough merely to be a spouse of the debtor; the potential "affiliate" must satisfy the requirements of one of the enumerated categories of § 101(2). The first category of § 101(2) requires that the debtor have voting securities. The second category requires that the affiliate be a corporation. The third category requires that the affiliate operate the business or substantially all of the property of the debtor under a lease or operating agreement: being a spouse of the debtor is not enough to fit into that category. The fourth category requires that the affiliate's business is operated under a lease or operating agreement by the debtor or that substantially all of the affiliate's property is operated under an operating agreement with the debtor: being a spouse of the debtor, again, is not enough to fit into that category.

Accordingly, the status of being a debtor's wife, standing alone, does not suffice to qualify the wife as an "affiliate" under Rule 1014(b), and does not allow her case otherwise to fit into any of the four categories of cases that Rule 1014(b) lists.

## II

■ It is inappropriate to read Rule 1014(b) as setting forth illustrations, instead of limited categories, of what are sufficiently related cases to justify Rule 1014(b)'s application. The rule is entitled "Procedure When Petitions Involving the Same Debtor or Related Debtors Are Filed in Different Courts." However, that title alone does not answer what constitutes a related debtor that comes within the rule, and the body of the rule itself does not use the term "related debtors." Instead, it lists four categories of cases filed in different courts, and provides that in those categories of cases, the court in which the first petition was filed determines how the cases are to proceed. These are the categories of cases that the rule makers determined were sufficiently related to justify application of the rule. So the title's reference to "Related Debtors" means those that are related as set forth in the rule, not related debtors in a general sense.

The statement in *Dececco*, 224 B.R. at 204, that "the intent of the Rule is to cover those situations where the joint adminis-

---

stantially all of the property of the bankrupt.

7. In relevant part, 11 U.S.C. § 101(2) provides:

(2) "affiliate" means—

(A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than [certain exceptions];

(B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or

held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than [certain exceptions];

(C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

tration of related entities is appropriate and just" is thus an overstatement. That type of reasoning would permit a bankruptcy judge to deem any two cases as sufficiently related to invoke Rule 1014(b), but Rule 1014(b)'s applicability does not operate on the basis of measuring the degree to which entities can be considered related. It operates instead on fixed categories to which the rule limits its coverage. Only if the related cases fit within one of those categories does the rule apply. Only then does the court in which the first petition was filed determine whether it is "appropriate and just" to administer the two cases in the same court.

## III

■ Although 11 U.S.C. § 302 authorizes the filing of a joint petition by a husband and wife in some cases,[8] § 302 is not a basis for the invocation of Rule 1014(b). Even when a husband and wife elect to file a joint petition, § 302 does not treat them as a single debtor such as to furnish an argument that the Bankruptcy Code treats any husband and wife as "the same debtor" within the meaning of Rule 1014(b).[9] Moreover, § 302 does not compel a husband and wife to file a joint petition. It gives them an option to do so. Just because some married couples are given that option does not answer how a husband's and wife's cases are to be handled when, as here, the spouses file separate petitions in different districts.

## IV

Although Mrs. Feltman's case may actually be transferred to this court by the United States Bankruptcy Court for the District of Maryland, see 28 U.S.C. § 1412, that court must make the decision regarding transfer, not this court. Even if a decision by that court to transfer were a foregone conclusion,[10] entry of an order of

8. Not all spouses will be eligible to file a joint petition. See 11 U.S.C. § 109(e) which uses the same debt limitations for eligibility for being a debtor under chapter 13 when either a single spouse files the petition or the two spouses file a joint petition. Some spouses' debts might disqualify them from filing a joint petition under chapter 13 but not from filing separate petitions.

Similarly, the venue requirements of 28 U.S.C. § 1408(1) that would preclude a husband and wife in some rare instances from filing separate petitions in the same district may very well preclude a husband and wife from filing a joint petition under § 302 in those instances. By referring to "the person or entity that is the subject of [the] case," § 1408(1) suggests that venue must be appropriate as to each debtor in order for venue to exist for the commencement of a case through the filing of a joint petition by a husband and wife. As explained in n. 8, infra, a joint petition is a case as to the husband and also a case as to the wife, thus buttressing the argument that the venue requirements must be met as to each debtor.

9. A husband and wife remain separate debtors even if they file a joint petition. In re

*Estrada,* 224 B.R. 132, 136 (Bankr.S.D.Cal. 1998). Even though 11 U.S.C. § 541(a) provides that the commencement of a case under § 302 "creates an estate," it is well established that despite the filing of a joint petition, separate estates continue to exist as to each debtor unless the court orders substantive consolidation. See In re Reider, 31 F.3d 1102 (11th Cir.1994); In re Knobel, 167 B.R. 436, 440 (Bankr.W.D.Tex.1994); In re Stuart, 31 B.R. 18, 19 (Bankr.D.Conn.1983) ("Section 302 is designed for ease of administration and to permit the payment of only one filing fee ... [and] separate estates will exist for each debtor unless and until the court orders substantive consolidation of the estates."). Accordingly, a joint petition simply results in two different debtors' bankruptcy cases being commenced by a single petition and treated as a single case for administrative purposes.

10. This court does not opine whether the circumstances warrant a transfer. Although the court suggested how it was leaning on the issue, the court did not give the parties the opportunity fully to address whether a transfer under Rule 1014(b) would be appropriate if the court had decided that Rule 1014(b) could be invoked.

transfer by this court would likely be reversed on appeal, thereby engendering confusion and delay, instead of expediting matters.

An order follows.