In re Joel M. HANDEL, Debtor.

HSBC Bank USA, f/k/a Marine
Midland Bank, Appellant,

v.

Joel M. Handel, Appellee.

No. MW 99–068.

United States Bankruptcy Appellate Panel
of the First Circuit.

Sept. 26, 2000.

Sabin Willett, Bingham Dana, Boston, MA, Anthony Fuller, Bingham Dana LLP, Boston, MA, William M. Rossi–Hawkins, Michael J. DiLeo, Phillips, Lytle, Hitchcock, Blaine & Huber LLP, New York City, for HSBC Bank USA, creditor–appellant.

Robert S. Adler, Seder & Chandler, Worcester, MA, for Joel M. Handel, debtor–appellee.

Jack E. Haughton, Pittsfield, MA, for Jack E. Haughton, Chapter 7 Trustee, trustee–appellee.

Darragh K. Kasakoff, Kevin C. McGee, Seder and Chandler, for appellee.

Before VOTOLATO, DE JESUS and VAUGHN, U.S. Bankruptcy Judges.

VOTOLATO, Chief Judge.

HSBC Bank USA, f/k/a Marine Midland Bank ("HSBC"), appeals an order of the bankruptcy court denying its motion to dismiss or transfer the case to the District of New York. The bankruptcy court held, inter alia, that venue was proper in Massachusetts. For the reasons discussed below we hold that *based upon residence,* in the context of 28 U.S.C. § 1408, New York is the only venue available to the Debtor, on the facts of this case. Also, however, for the reasons discussed *infra* at pages 309 and 311, the matter is remanded to the bankruptcy court for its determination of venue *based upon the Debtor's domicile.*

**Background**

The facts are undisputed. The Handels have owned and occupied a co-op apartment in New York City (the "New York Home"), where Joel Handel has engaged in the full time practice of law for more than twenty years, and in 1983 they bought land in Otis, Massachusetts, where they built a second house (the "Massachusetts Home"). Handel regularly spends his "work week" in New York and weekends at the Massachusetts Home. In addition, Handel occupies the Massachusetts

Home on holidays and vacations, and testified that he had plans to retire to Massachusetts "within the next few years," where he presently spends 30 to 35% of the calendar year. Handel is registered to vote in New York, files tax returns in New York, has a New York driver's license, and registers his car in New York. It is undisputed that Handel spent more of the 180 days preceding the bankruptcy filing in the District of New York than in the District of Massachusetts, Western Division, where he filed a Chapter 7 petition on March 31, 1999, alleging a Massachusetts residence.

On May 7, 1999, HSBC, a judgment creditor, moved to dismiss or transfer the case to the Southern District of New York, arguing that venue was improper in Massachusetts. On July 27, 1999, after hearing, the bankruptcy judge ruled that venue was proper in Massachusetts, on the ground that the Debtor maintained a residence in Massachusetts for 180 days or more prior to the filing of the bankruptcy case, and because, as he read 28 U.S.C. § 1408, the statute permits a debtor to have more than one residence for venue purposes. The bankruptcy judge also ruled: (1) that HSBC failed to meet its burden under 28 U.S.C. § 1412 to demonstrate that the convenience of the parties or the interests of justice warranted a transfer of Debtor's bankruptcy case from Massachusetts to New York;[1] and (2) in light of his ruling that the Debtor could maintain more than one residence for purposes of venue, he need not decide where the Debtor was domiciled.

HSBC filed a timely notice of appeal of the bankruptcy judge's July 27, 1999 order, together with a motion for leave to appeal that interlocutory order, and on October 7, 1999, the motion was granted. Therefore, the matter is properly before the Panel for disposition on the merits.

**Standard of Review**

In this case of first impression in the First Circuit, the issue is whether, for

---

1. This ruling has not been challenged on appeal.

venue purposes under 28 U.S.C. § 1408(1), a debtor may have more than one residence. In considering this question on appeal, the *de novo* standard of review is applicable. The interpretation of a federal venue statute is a question of law reviewed *de novo*. *Washington Public Util. Group v. U.S. District Court,* 843 F.2d 319, 324 (9th Cir.1987).

### Discussion

■ Venue in bankruptcy cases is defined by 28 U.S.C. § 1408, which provides:

Except as provided in Section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, **or for a longer portion of such one hundred and eighty day** *period than the domicile, residence, principal place of business in the United States, or principal assets in the United States of such person were located in any other district;* ...

28 U.S.C. § 1408(1) (emphasis added), and if a bankruptcy case is filed in an improper district, the bankruptcy judge has the option to: (1) dismiss, or (2) transfer the case to the proper district. *See* Fed.R.Bankr.P. 1014(a)(2); *In re Little Lake Indus., Inc.,* 158 B.R. 478, 480 (9th Cir. BAP 1993).

■ There is a presumption that the district where the bankruptcy petition is filed is the appropriate district for venue purposes, *In re Pettit,* 183 B.R. 6, 8 (Bankr.D.Mass.1995), and the burden is on the party disputing venue to establish that position by a preponderance of the evidence. *See In re Toxic Control Technologies, Inc.,* 84 B.R. 140, 143 (Bankr. N.D.Ind.1988). As 28 U.S.C. § 1408(1) plainly states, the debtor has four venue options: (1) domicile; (2) residence; (3)

principal place of business in the United States; (4) principal assets in the United States, and "the court determines proper venue by reference to facts existing during the 180 days prior to the commencement of the case to determine the district of the debtor's residence, domicile, principal place of business, or location of the person's principal assets." *In Micci v. Bank of New Haven (In re Micci),* 188 B.R. 697, 699 (S.D.Fla.1995).

■ Handel argued successfully to the bankruptcy judge that although he worked and lived primarily in New York (*see* Brief for Appellee, p. 4), venue is proper in the District of Massachusetts, Western Division, under § 1408(1) because he also "maintained a residence" in Massachusetts for more than 180 days prior to the filing. Residence for venue purposes means "a permanent residence, one's home, as distinguished from a mere stopping place for the transaction of either business or pleasure." *See In re Frame,* 120 B.R. 718, 723–724 (Bankr.S.D.N.Y. 1990). We read the statute, because of the "longer than" language, to say that while a person can, of course, have multiple residences, only one such residence may qualify for the purpose of establishing venue under 28 U.S.C. § 1408(1). *See id.*

■ Based upon what we consider to be the relevant case law to the undisputed facts in this case, it is the opinion of the Panel that Massachusetts may not qualify as Handel's "residence" under the venue statute in question. As the record clearly shows, the Debtor's primary residence is the New York Home, the Massachusetts Home is his weekend/vacation getaway, and in the 180 days prior to filing for bankruptcy, the Debtor spent the majority of that period in New York. (*See* Brief for Appellee, p. 4). Our conclusion in these circumstances is that New York is Handel's *only* qualifying residence for venue purposes under 28 U.S.C. § 1408(1).

The *Frame* court addressed the same issue where the debtor resided in both

Houston and New York during the 180 days prior to filing for bankruptcy. The court counted the number of days the debtor lived in each city, and determined that because she had "spent 83 days in Houston and 70 days in New York during the Venue Period," Houston was the proper place of venue, based on the residence requirement of 28 U.S.C. § 1408(1). *Frame,* 120 B.R. at 720. Similarly, the court in *Micci* held that although the debtor had a residence in Florida, he spent the majority of the 180 day pre-petition period in Connecticut and, therefore, the proper district for venue was Connecticut—not Florida.[2]

Applying *Frame* and *Micci* to the facts of this case, and in the absence of any persuasive authority to the contrary, we reach the same result, and rule that, *for venue purposes,* the "longer than" requirement in 28 U.S.C. § 1408(1) precludes the debtor's ability to have more than one residence.

The bankruptcy judge appears to disagree with the holding of *Frame* in that he did not read the "longer than" provision to require a debtor to physically spend more time at one residence versus another in order to qualify for venue in a particular district under § 1408, and ruled that as long as the debtor *maintains a residence* in the district, regardless of how much time he/she occupies the residence in the 180 days preceding the filing, venue is proper in that district solely by virtue of the fact that the debtor maintains a residence there. He reasoned that if Congress had intended physical presence to be an issue, it would have used the word "principal" before the word residence in the statute, as it did with venue based on "principal place of business" or "principal location of assets." While this interpreta-

tion, based on a thoughtful analysis by the bankruptcy judge, appears to have merit, we believe this reading of the statute impermissibly disregards the "longer than" requirement, which is plain and unambiguous and therefore needs no interpretation. We also hold that the reading of 28 U.S.C. § 1408(1) used in *Frame* produces a more "harmonious whole," which allows the subsections of the statute to work together. *See* 2A N. Singer, Sutherland Statutory Construction § 46.05 (C. Sands 4th ed.1984) (each part or section of a statute should be construed with every other part or section so as to produce harmonious whole).

■ Finally, the Debtor argues, as he did in the bankruptcy court, that he is domiciled in Massachusetts and that he qualifies for venue in the District of Massachusetts on that basis as well. Since the bankruptcy judge did not rule on this issue following his decision based on residence, and because the resolution of that issue will undoubtedly require the determination of questions of fact, the case needs to be remanded to the bankruptcy court for a determination as to the domicile issue.

Accordingly, for the reasons stated above, the July 27, 1999 Order of the bankruptcy court denying HSBC's Motion to Dismiss or Transfer is REVERSED, and the case is REMANDED to the bankruptcy court for further proceedings consistent with this order, i.e., for a determination as to whether venue is proper in Massachusetts, *based upon the Debtor's domicile.*

---

**2.** The bankruptcy judge was troubled by, and the Panel agrees and recognizes that if, for whatever reason, Handel had spent 91 days in Massachusetts and 89 days in New York during the 180 day pre-petition period, venue would be in Massachusetts at his vacation home, rather than in New York at his princi-

pal residence. But that is how the statute works, and we must apply it as written. *See Domestic Bank v. Mann (In re Mann),* 249 B.R. 831, 839 (1st Cir. BAP 2000) ("Line drawing and cut-off points are often required in the law even if they appear to be unfair").