In re Laura FARMER, Debtor.

No. 02–64276.

United States Bankruptcy Court,
N.D. New York.

Dec. 23, 2002.

[black redaction bars]

Guy A. Van Baalen, Utica, NY, Assistant U.S. Trustee.

Wayne R. Bodow, Syracuse, NY, for Debtor.

Martin, Martin & Woodard, LLP, Syracuse, NY, for Chapter 7 Trustee.

Lee E. Woodard, Syracuse, NY, Chapter 7 Trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

Under consideration by the Court is a motion filed by the United States Trustee ("UST") on September 5, 2002, seeking dismissal of the chapter 7 case of Laura H. Farmer ("Debtor" or "Ms. Farmer") pursuant to § 707[1] of the United States Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code") and Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure ("Fed. R.Bankr.P."). Opposition to the motion was filed by the Debtor on September 27, 2002.

The motion was heard at the Court's regular motion term in Syracuse, New York, on October 1, 2002. Following oral argument, the matter was adjourned to November 5, 2002, for further consideration on the latter date. The matter was submitted for decision on November 5, 2002.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (b)(2)(A) and (O).

### FACTS

The Debtor filed a voluntary petition ("Petition") pursuant to chapter 7 of the Code on July 18, 2002. On the Petition, the Debtor lists her address as 605 Corey Road, Syracuse, New York. Allegedly, that address is actually that of the Debtor's parents. Debtor has resided in Nassau, the Bahamas, since 1993. According to Schedule A, included with the Petition, Debtor is a joint tenant of real property located at 22 Poinciana Avenue, Nassau, which she owns with her husband, a Bahamian national. According to Schedule B, Debtor maintained a savings account with HSBC Bank in Fairmount, New York, in which there is deposited $400 and a checking account with HSBC Bank in which there is deposited $200, as of the date of her Petition. There was no indication as to when the deposits in the accounts were made. However, the UST makes no allegations that they were set up immediately prior to the filing of the petition. At the hearing on October 2, 2002, it was represented to the Court that at least one of the accounts is jointly held with Debtor's mother and as of the hearing date contained $30 on deposit.

Debtor is a citizen of the United States. Evidence of tax returns filed by the Debtor for the years 1999 and 2001 were presented to the Court, reflecting that she had only "foreign earned income" for those years. In response to questions posed by the Court at the hearing, the Debtor later provided the Court with copies of the

---

1. The UST's papers do not specify the subsection of Code § 707 on which they are basing their request for relief.

Debtor's New York driver's license. *See* Letter from Eugene Klindienst, Esq., dated November 4, 2002. According to Klindienst, the Debtor is a registered voter in New York, and does not have dual citizenship or a Bahamian driver's license. *Id.* According to Debtor's counsel, she spends two to three weeks per year in Syracuse visiting her parents. Schedule F is comprised of credit card debt totaling $73,990.43, representing unsecured debt owed to U.S. creditors. She lists a mortgage held by Finance Corporation of Bahamas, a second mortgage held by Royal Bank of Canada, with an address in Nassau, and a car loan also held by the Royal Bank of Canada as her only secured claims. *See* Schedule D.

## DISCUSSION

■ The facts as set forth herein do not present a matter of first impression for the courts as to whether Ms. Farmer is eligible to be a debtor pursuant to Code § 109(a).[2] In 1996, then Chief Bankruptcy Judge Michael J. Kaplan was confronted with a very similar set of facts. *See In re McTague,* 198 B.R. 428 (Bankr.W.D.N.Y. 1996). In *McTague* the debtor was an American citizen, married to a Canadian citizen. *Id.* at 429. She had resided in Ontario, Canada for eleven years, and until just before filing her petition had been employed in Buffalo, New York. *Id.* She owed approximately $17,000 in unsecured credit card debt. The secured creditors with liens on her home and her automobile were Canadian. *Id.* At the time of filing, she had $194 in a bank account with Manufacturers and Traders Trust Company in Buffalo. *Id.* at 429, 430.

Judge Kaplan concluded that the court did not have discretion to look behind the language of Code § 109(a) and declare that the quantity of property in the United States is decisive on the issue of eligibility to be a debtor under the Code whether it is "a dollar, a dime or a peppercorn located in the United States." *Id.* at 432. The court then denied the UST's motion to dismiss, which was based only on Code § 109(a), and permitted the UST to amend her motion to seek dismissal under Code § 707 or Code § 305(a).

There is an obvious comparison between the basic facts of the *McTague* case and those now before this Court. Both debtors were citizens of the United States but married to non-United States citizens and living outside the boundaries of the United States. In both cases, the majority of the unsecured debt was credit card debt, and their secured debt arose with respect to their residences outside the United States and their automobiles. The basis for venue in both cases consisted of monies in a bank account in the United States.

Under the *McTague* analysis, Ms. Farmer is qualified to be a debtor. Unlike the UST in *McTague,* however, in the case *sub judice* the UST has asked the Court to consider dismissal pursuant to Code § 707 and Fed.R.Bankr.P. 1014(a)(2), not Code § 109(a).

■ Code § 707(a) provides that a court may dismiss a case for "cause." Code § 707(b) provides that on motion by the UST, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts "if it finds that the granting of relief would be a substantial abuse of the provisions of [chapter 7]." 11 U.S.C. § 707(b). The Section further states that "[t]here shall be a presumption in favor of granting the relief requested by the debt-

---

**2.** Code § 109(a) provides that "[n]otwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title." 11 U.S.C. § 109(a).

or." 11 U.S.C. § 707(b). Fed.R.Bankr.P. 1014(a)(2) gives the Court the discretion to dismiss a case which is filed in an improper district if it is determined to be in the interest of justice or for the convenience of the parties.

■ The UST asserts that the Debtor's case does not qualify for venue in the Northern District of New York, citing to 28 U.S.C. § 1408(1), which provides that a case under title 11 may be commenced in the district court for the district "(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . ." 28 U.S.C. § 1408(1). "There is a presumption that the district where the bankruptcy petition is filed is the appropriate district for venue purposes (citation omitted) and the burden is on the party disputing venue to establish that position by a preponderance of the evidence." *In re Handel*, 253 B.R. 308, 310 (1st Cir. BAP 2000).

■ As discussed above, Ms. Farmer is eligible to be a debtor. The only question is whether she is entitled to file the Petition in the Northern District of New York. No one disputes that a person can have more than one residence, but only one domicile. *See In re Saunders*, 240 B.R. 636, 641 (S.D.Fla.1999) (citation omitted). It is clear that the Debtor's domicile is in the Bahamas, where she has resided since she was approximately 23 years old. Yet, Debtor has listed her parents' home as her residence, where she apparently resided until ten years ago when she relocated to the Bahamas. The same address is listed on her New York driver's license and on her voter registration. For purposes of establishing venue, however, 28 U.S.C.

§ 1408(1) requires that the Debtor have spent the majority of the 180 day prepetition period in the Northern District of New York in order to qualify for filing her Petition in this District based on residency. *See Handel*, 253 B.R. at 310–11. Debtor's counsel has merely argued that she spends two to three weeks per year in Syracuse which certainly does not constitute a majority of the 180 day period prepetition, assuming for argument's sake that the Debtor visited Syracuse for the entire two to three weeks during that 180 day period. Accordingly, venue of the case in the Northern District of New York cannot be based on the location of her residence during that period of time.

As discussed above, Debtor's principal asset in the United States allegedly consists of two bank accounts, *de minimis* though they may be, in a bank in Fairmont, New York, the funds of which she has claimed as exempt. The UST, who has the burden of proof in seeking dismissal of the case, has not offered any proof to dispute the existence of the bank account(s) in Fairmont during the 180 day period prior to commencement of the case or that there are any other assets located elsewhere in the United States of a more substantial nature. Nor have there been any allegations that the bank account(s) had been opened simply to manufacture eligibility for the Debtor. Because the Debtor's principal asset in the United States consists of bank accounts in the Northern District of New York, the Court concludes that the Debtor's petition was not filed in an improper district. In reaching this conclusion, the Court also considers the fact that there is no reason "to believe that the creditors whose debts are sought to be discharged here thought that their rights would be governed by the law of any forum other than that of the United

States."[3] *McTague*, 198 B.R. at 432. Allowing the filing of the Debtor's petition in the Northern District of New York is far more convenient to her unsecured creditors, which consist of credit card companies within the United States, than having her file in Nassau, assuming that she is eligible to do so, which the Court makes no finding on one way or the other.[4]

In requesting that the case be dismissed pursuant to Code § 707, the UST contends that the Petition is misleading on its face. While the Debtor does not meet the residence requirement for purposes of venue because of the 180 day provision, it is evident that she has established that she has a residence in both Nassau and in Syracuse based on her New York driver's license, which she renewed in 1999, and her voter's registration, although it appears that she has not actually voted since 1996. Therefore, the fact that she gave the Syracuse, New York, address on her Petition is not a misrepresentation that would warrant dismissal. The UST also takes exception to the fact that she failed to list a complete address for her employer in the Bahamas. She did list the fact that she owned real property in Nassau in joint tenancy, with a value of approximately $300,000, and that the mortgagees holding

the liens on the property were also located in Nassau. Certainly, this information provided a basis for any questions of clarification the chapter 7 trustee might have for the Debtor at the meeting of creditors regarding her residency.[5] The Court has not had to direct the Debtor to amend her Petition or Schedules, and there are no allegations that the Debtor has failed to fully disclose in her Schedules and Statement of Financial Affairs, with the exception of the city address of her employer. The Court does not view the filing by this United States citizen as a substantial abuse of the provisions of chapter 7 and certainly filing for bankruptcy relief in the United States is much more convenient to the majority of the Debtors' creditors, as noted above.

Based on the foregoing, it is hereby

ORDERED that the motion of the UST seeking dismissal of the Debtor's Petition is denied.

3. According to the Debtor's Statement of Intention, she is reaffirming her obligations on the two mortgages on the real property in the Bahamas, as well as her obligation on the automobile loan.

4. The deadline for filing a complaint objecting to the discharge of the Debtor or the dischargeability of the debts identified in the schedules was October 22, 2002. A review of the docket in the case reveals that none of the unsecured creditors apparently availed themselves of the opportunity to commence an adversary proceeding against the Debtor.

5. At the hearing on the motion on October 1, 2002, the chapter 7 trustee, Lee Woodard, Esq., represented to the Court that at the meeting of creditors, he had asked the Debtor whether she had been domiciled in this jurisdiction in the last ten years, whether she had a residence in this jurisdiction in the last ten years, whether she had a principal place of business in this jurisdiction, and finally, whether she had principal assets in this jurisdiction. She responded "No" to the first three questions and to the fourth question, she responded that she had a bank account in the jurisdiction. Debtor's counsel argues that in responding to those questions the Debtor did not understand the legal implications of her answers, pointing out that one can have more than one residence, which Debtor would have had no reason to know or understand when questioned by the chapter 7 trustee.